

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 10, 1950

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Calvert:

Opinion No. V-1044.

Re: The applicability of the mo-
tor vehicle use tax to a ve-
hicle leased from an out-of-
state owner and used and
registered in Texas by the
lessee.

You request the opinion of this office upon the question
presented in your letter as follows:

"The question concerning the application of Sec-
tion 2 of Article 7047K V.A.C.S. upon a leased vehicle
used in interstate commerce, but registered in Texas
has been presented to this Department for determina-
tion. The facts concerning the purchase and use of this
vehicle are as follows:

"Four Wheel's, Inc., an Illinois Corporation, leas-
es automobiles to various persons throughout the United
States. One such car was leased in December 1948, to
Cooper's Inc. of Kenosha, Wisconsin, and such car was
brought to Texas in January, 1949. This car is being
used by a sales representative of Cooper's Inc. to trav-
el his sales territory, consisting of several southwest-
ern states. This sales representative lives in Texas,
and for his convenience has secured a Texas license for
the automobile driven by him. This automobile still be-
longs to Four Wheel's, Inc., who does no business in
Texas, and is licensed in their name. All the transac-
tions pertaining to the car were outside the limits of
Texas. The vehicle is used in Texas only a fraction of
the time, and might be used or stationed in several
states while leased by Cooper's. At the time the vehi-
cle was purchased by Four Wheel's, Inc. all of the State
taxes for the State of Illinois were paid by Four Wheel's.
Sometimes these vehicles are purchased a year or more
before they come to Texas, and their value has declined
upon their registration here.

"This Department is not sure whether Four Wheel's,
Inc. or their lessee is required to pay the use tax levied

under Article 7047K, supra, or if it is required to pay such tax, then on what value is the tax based. Should it be based on the price Four Wheel's paid for the car when it was purchased in Illinois prior to its entry into Texas? Sometimes these cars are purchased six months or even a year prior to their entry into Texas. The vehicles are never bought or owned by Cooper's Inc. who use them in Texas. Four Wheel's, Inc. does not have a permit to do business in Texas and transacts no business in Texas.

"It is argued that Four Wheel's, Inc. cannot be classified either as 'resident,' or 'domicile' as doing business in Texas. I shall, therefore, thank you to advise this Department whether a car purchased and used as above described is subject to the use tax levied by Section 2 of Article 7047K R.C.S.

"The general question is 'Is Article 7047K, Section 2, applicable to a vehicle leased outside of Texas and used in Texas by the lessee part of the leased period while such vehicle is in interstate usage?'

"There is no legislation pending that would determine this question, and this Department has placed no departmental construction on same."

Section 2 of Article 7047k, V.C.S., imposes a use tax where a vehicle is purchased at retail outside the State, but brought into and used upon the highways in this State. The section provides as follows:

"There is hereby levied a use tax upon every motor vehicle purchased at retail sale outside of this State and brought into this State for use upon the public highways thereof by a resident of this State or by firms or corporations domiciled or doing business in this State. Such tax shall be equal to 1% of the total consideration paid or to be paid for said vehicle at said retail sale. The tax shall be the obligation of and be paid by the person, firm, or corporation operating said motor vehicle upon the public highways of this State."

Section 3 of the above Article defines retail sale as including all sales except where the vehicle is acquired "for the exclusive purpose of resale and not for use."

It is clear that a motor vehicle purchased under the facts disclosed by your request falls in the classification of a retail sale

as defined by the statute. It is equally clear that the vehicle was purchased outside the State, which is also a necessary prerequisite to the imposition of the tax.

The foregoing, however, is not all that is required. The vehicle purchased outside the State at retail must be "brought into the State for use upon the public highways thereof." The statute further states that the use upon the highways of this State which gives rise to the incidence of the tax must be by "a resident of this State or by a firm or corporation domiciled or doing business in this State."

When we apply the requirements of the statute to the factual situation presented we must at the outset eliminate Four Wheels, Inc., the lessor, from liability for the tax for the reason that it does not use or operate the vehicle upon the highways of this State. Admittedly it is not domiciled in this State and does not business in the State. Four Wheels, Inc., is only the purchaser of the vehicle.

Any question as to whether the statute contemplates that the purchaser of the vehicle must also be the user of the vehicle upon the highways of this State is answered by the statute itself. It is there provided:

"The tax shall be the obligation of and be paid by the person, firm, or corporation operating said motor vehicle upon the public highways of this State."

Under the submitted facts Cooper's, Inc., the lessee, is the operator of the motor vehicle upon the highways of this State. Also, under such facts we are of the opinion that Cooper's, Inc., meets the requirement of doing business in this State. In our opinion all that is required is that there be a retail sale outside the State and the vehicle brought into the State for use and operated upon the public highways of this State. Cooper's, Inc., brought the vehicle into the State and is making use of and operating it upon the public highways of the State. Under the explicit terms of the statute Cooper's, Inc., is liable for the tax.

Had it been the intention of the Legislature to impose the tax unconditionally upon the purchaser, language to this end would have been used. As previously observed the contrary is clearly expressed by the Legislature in specifically providing that "the tax shall be the obligation of and be paid by the person, firm, or corporation operating said motor vehicle upon the public highways of this State."

Moreover, in order to more effectively secure the collection of the tax, payment is made a condition prerequisite to the registration of the vehicle in this State. This is provided for in Section 5 of Article 7047k as follows:

"The taxes levied in this Article shall be collected by the Assessor and Collector of Taxes of the county in which such motor vehicle is first registered or first transferred after such a sale; the Tax Collector shall refuse to accept for registration or for transfer any motor vehicle until the tax thereon is paid."

The statute is silent as to time intervening between the purchase and use in this State. But it does fix the time and place for the payment of the tax, that is, when it is first registered after being brought into the State and the tax is collected by the Tax Assessor of the county where the vehicle is to be registered. The statute forbids the use of the automobile upon the highways of this State without registration and forbids the registration without the payment of the tax.

We, therefore, hold that Cooper's, Inc., the lessee, as the user and operator upon the highways of this State of the vehicle in question, is liable for the tax.

The statute fixes only one measurement for the calculation of the tax and that is one per cent of the total consideration paid or to be paid for said vehicle at said retail sale. Whatever consideration was paid by Four Wheels, Inc., for the vehicle in question when it made the out-of-state purchase constitutes the correct basis for the ascertainment of the tax. Any intervening use or depreciation of the vehicle prior to the time it is brought into the State for use upon the highways of this State would be immaterial.

## SUMMARY

The "use tax" imposed by Article 7047k, V.C.S., upon vehicles purchased outside Texas and brought into the State for use upon the highways of this State is the obligation of the person, firm or corporation who brings the vehicle into the State and operates it upon the highways of the State, and a lessee of a vehicle who brings the vehicle into Texas and operates it upon the highways of Texas in transacting its business here is liable for such use tax. The tax is based upon the consideration paid by the purchaser of the vehicle outside

Hon. Robert S. Calvert, Page 5 (V-1044)

the State, and the use or depreciation of the vehicle subsequent to the purchase and prior to its use in this State is immaterial.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By L. P. Lollar

W. V. Geppert
Taxation Division

L. P. Lollar
Assistant

Charles D. Mathews
Executive Assistant

LPL/mwb